## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | | |
|---|---|---|---|
| **DANIEL ARMENI,** | | ) | |
| | *Plaintiff,* | ) | **CASE NO. 3:15-CV-00066** |
| | | ) | |
| **v.** | | ) | |
| | | ) | <u>**OPINION**</u> |
| **TRANSUNION LLC, INC.,** *et al.*, | | ) | |
| | | ) | **By: Norman K. Moon** |
| | *Defendants.* | ) | **United States District Judge** |

Default judgment was entered against the remaining Defendant BSI Financial Services, Inc. ("Defendant") in this Fair Credit Reporting Act ("FCRA") case. (Dkt. 38). After a briefing order, the Court must decide whether damages in this case should be determined by the Court or by a jury. (Dkt. 53). The parties were unable to reach an agreement on the issue; Plaintiff desires a jury trial, while Defendant believes one is not available. (Dkts. 57, 58).

Under Federal Rule of Civil Procedure 38(a), the "right to a jury trial as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."[1] On the other hand, Rule 55(b)(2)(B) states that, in finalizing a default judgment, "the court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."

## I.    PLAINTIFF'S POSITION

Plaintiff argues that Rule 55(b)(2) must be read not in isolation, but in conjunction with Rule 38's declaration that the right to a jury trial is "inviolate" and withdrawn only on the parties' consent. He contends that "it is the better practice, if not actually compelled, that the issue as to damages be submitted to the jury" after a default. *Barber v. Turberville*, 218 F.2d 34,

---

[1]    Plaintiff made a timely jury demand. *See* Fed. R. Civ. P. 38(d); Complaint, p.15.

37 & n.1 (D.C. Cir. 1954). Plaintiff also relies on a handful of district court cases. *See Mitchell v. Bd. of Cty. Comm'rs of Cty. of Santa Fe*, No. CIV 05-1155 JBALM, 2007 WL 2219420, at *13 (D.N.M. May 9, 2007) (holding that Rule 38(d) prevented plaintiff from unilaterally "withdrawing" jury demand after obtaining default against non-appearing defendant); *Abernathy v. Church of God*, No. 4:11-CV-2761-VEH, 2013 WL 2248286, at *1 (N.D. Ala. May 22, 2013) ("better practice" to empanel jury in light of Rule 38(d)); *Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.*, 282 F.R.D. 604, 606 (D. Utah 2012); *Ault v. Baker*, No. 4:12-CV-00228-KGB, 2013 WL 1247647, at *10–11 (E.D. Ark. Mar. 27, 2013).[2]

As an alternative argument, Plaintiff submits that the Court may permit a jury even if one is not allowed as of right. *See* Wright & Miller, 10A *Fed. Prac. & Proc. Civ.* § 2688 (4th ed.) (Westlaw); *Gill v. Stolow*, 18 F.R.D. 508, 510 (S.D.N.Y. 1955) (stating it is "no doubt within [court's] discretion to order a jury trial" after default), *rev'd on other grounds*, 240 F.2d 669 (2d Cir. 1957). He argues that valuing emotional harm damages like those he intends to prove is especially proper for a jury determination. (Dkt. 57 at 7–8).

Finally, Plaintiff argues that punitive damages must go to the jury. Punitive damages under the FCRA are permitted in an amount "as the court may allow." 15 U.S.C. § 1681n(a)(2). Plaintiff cites cases holding that this language is merely a codification of the Court's duty to review excessive verdicts, not a congressional command for a bench trial in lieu of a jury. *See*, *e.g.*, *Saunders v. Branch Banking And Trust Co. of Va.*, 526 F.3d 142, 145 (4th Cir. 2008); *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001); *Collins v. Retail Credit Co.*, 410 F. Supp. 924, 933 (E.D. Mich. 1976).

---

[2]     Plaintiff also cites *Apache Corp. v. GlobalSantaFe Drilling Co.*, 832 F. Supp. 2d 678, 697 (W.D. La. 2010) in placing emphasis on the right to a jury trial, but that case does not address the existence of such right after default.

2

## II.    DEFENDANT'S POSITION

Defendant asserts that any Seventh Amendment right to a jury trial does not survive an entry of default.  *See Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 (1st Cir. 1999) (holding that plaintiff was not entitled to jury trial on damages after obtaining default against two defendants); *Frankart Distributors, Inc. v. Levitz*, 796 F. Supp. 75, 76 (E.D.N.Y. 1992) (compiling cases).

Moreover, Defendant argues that the statutory right to a jury trial survives default only if the statute expressly preserves it in that situation, and the sole statute to do so is not applicable here.  *See Shepherd v. Am. Broad. Companies, Inc.*, 862 F. Supp. 486, 492 (D.D.C.) (observing paucity of such statutes), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995).  Defendant cites several district court cases which have thus determined FCRA damages after entry of default.  (*See* dkt. 58 at 6).  Defendant also contends that Rule 38(d), which prohibits a unilateral withdraw of a jury demand, does not apply in this situation because there is no withdraw of the demand at all; instead, a jury trial is simply not available by law.  (*Id*. at 7–8).  Finally, Defendant urges the Court not to refer damages to a jury.

## III.    ANALYSIS

The parties have not identified a Fourth Circuit case addressing whether a default extinguishes the *constitutional* right to a jury trial.  Nevertheless, the overwhelming weight of authority instructs that the Seventh Amendment does not guarantee a jury trial after default.  *See Graham*, 314 F.3d at 9, 12, 16 (holding plaintiff had not right to jury trial after defendant's default); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 692 n.15 (1st Cir. 1993) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990)); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("[I]n a default case neither the

3

plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages"); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003); *Mwani v. Bin Ladin*, 244 F.R.D. 20, 23–24 (D.D.C. 2007) (denying plaintiff's motion for jury trial after default); *Benz v. Skiba, Skiba & Glomski*, 164 F.R.D. 115, 116 (D. Me. 1995) (rejecting plaintiff's request for jury trial because "[c]aselaw dating back to the eighteenth century . . . makes clear that the constitutional right to jury trial does not survive the entry of default"); *CountrymAn Nevada, LLC. v. Suarez*, No. 6:15-CV-0436-SI, 2016 WL 5329597, at *4–5 (D. Or. Sept. 22, 2016) (overruling plaintiff's request for jury trial after default); *Sonoco Prod. Co. v. Guven*, No. 4:12-CV-00790-BHH, 2015 WL 127990, at *7 n.5 (D.S.C. Jan. 8, 2015) (holding that "parties do not have the right to a jury trial as to the amount of recovery" after default judgment is entered); *Estate of Faull v. McAfee*, No. 613CV1746ORL31KRS, 2015 WL 6125309, at *4 (M.D. Fla. Oct. 16, 2015) (ruling plaintiff was not entitled to jury trial after defendant's default).[3] Wright and Miller also agree that, after default, "neither side has a right to a jury trial on damages." 10A *Fed. Prac. & Proc. Civ.* § 2688 (4th ed.).

As for any statutory right that Rule 38(a) might protect, Plaintiff has identified neither a provision of the FCRA that guarantees a jury trial nor a case so holding. True, he points to several cases in which a jury ultimately decided FRCA claims. (Dkt. 57 at 4 n.3, 10 n.4). But those cases involved a full trial on the merits (not default), and thus were premised on a Seventh Amendment (not statutory) right, which as discussed is no longer guaranteed.

Further, even if the FCRA generally granted the right to a jury trial, that would not

---

[3]     *See also Parlier v. Casteen*, No. 514CV00085RLVDCK, 2016 WL 3032692, at *2 n.2 (W.D.N.C. May 26, 2016); *Teri Woods Publ'g, L.L.C. v. Williams*, No. CIV.A. 12-4854, 2013 WL 6179182, at *4 (E.D. Pa. Nov. 25, 2013); *Verizon Cal. Inc. v. Onlinenic, Inc.*, No. C 08-2832 JF (RS), 2009 WL 2706393, at *2 (N.D. Cal. Aug. 25, 2009); *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 870 (S.D. Ga. 1996) (quoting *Dierschke*, 975 F.2d at 185).

guarantee a jury after default. "Despite the reference to a 'federal statutory right to a jury trial,' courts have interpreted the language of Rule 55 as preserving a right to a jury trial only in the atypical situation where a statute specifically preserves the jury trial right even after a default." *Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 429–30 (S.D.N.Y. 2009). That is, the statute must protect the right in the specific context of default; the only statute to do so—28 U.S.C. § 1874—is not implicated here. *See Sells v. Berry*, 24 F. App'x 568, 572 (7th Cir. 2001); *Meyers v. Lakeland Supply, Inc.*, 133 F. Supp. 2d 1118, 1119 (E.D. Wis. 2001) (holding that, even where statute provided general jury trial right, it failed to provide one in case of default); *Benz*, 164 F.R.D. at 115–16 (protection in Rule 55(b)(2) only "applies to statutes requiring jury trials specifically after default has occurred"); *Shepherd*, 862 F. Supp. at 492 n.4; *Offei v. Omar*, No. 11 CIV. 4283 SAS MHD, 2011 WL 4448954, at *1 (S.D.N.Y. Sept. 20, 2011); Wright & Miller, 10A *Fed. Prac. & Proc. Civ*. § 2688 (Rule 55(b)(2) "provides that the court must preserve any federal statutory right of trial by jury. The only relevant statute is Section 1874 of Title 28").

Although Plaintiff is not entitlement to a jury trial, the Court may choose to empanel one, which it will do here for several reasons. First, Rule 55(b)(2) imbues the Court with authority to "make referrals" to determine the amount of damages. *See Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) (affirming referral of damages after default to special master); *Maher v. Cont'l Cas. Co.*, 76 F.3d 535, 540–41 (4th Cir. 1996) (Court's decision "to delegate its role as factfinder to a jury is of no consequence, inasmuch as such delegation is specifically authorized by the Federal Rules"). It is the "better practice" to empanel jury on damages after plaintiff obtains default. *Barber*, 218 F.2d at 37.

Second and relatedly, the "court does retain the [inherent] discretion to order a jury trial

5

even in the absence of a constitutional or statutory right." *Lumbermen's Mut. Cas. Co. v. Holiday Vehicle Leasing Inc.*, No. 02CIV.137(LAK)(MHD), 2003 WL 1797888, at *2 (S.D.N.Y. Apr. 4, 2003)) (citing 6 *Moore's Federal Practice* ¶ 55.07 at 55–57 (2d ed. 1996)); *Coton v. Televised Visual X-Ography, Inc.*, No. 8:07-CV-1332-T-TGW, 2010 WL 813345, at *2 n.* (M.D. Fla. Mar. 9, 2010); *see* Wright & Miller, 10A *Fed. Prac. & Proc. Civ.* § 2688 (The "court may order a jury trial as to damages in a default situation if it seems to be the best means of assessing damages"); *Swoope v. Gary Cmty. Sch. Corp.*, No. 2:10-CV-423-RL, 2011 WL 6826410, at *2 (N.D. Ind. Dec. 28, 2011) (observing existence of discretion to "provide a post-default jury trial on damages"); *Offei v. Omar*, No. 11 CIV. 4283 SAS MHD, 2011 WL 4448954, at *2 (S.D.N.Y. Sept. 20, 2011).

Indeed, Federal Rule of Civil Procedure 39(b)—which allows the court to "order a jury trial on any issue for which a jury might have been demanded"—is a codified example of a court's inherent power to order a jury.[4]    When a Rule 39(b) motion is made,[5] many courts favor a jury trial and the decision is a discretionary one.   *See Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) (A "trial court, in exercising its Rule 39 discretion, should grant a jury trial in the absence of strong and compelling reasons to the contrary"); *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983) (holding similarly); *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980) (applying discretionary standard of review); *Maher*, 76 F.3d at 541

---

[4]    Likewise, even if—contrary to fact—this case never implicated the right to a jury trial, Rule 39(c)(1) empowers the Court to use an advisory jury.

[5]    Rule 39(b) requires that a party move for a jury.  Because Plaintiff, in response to the Court's briefing order, has asked the Court to exercise its discretion, that prerequisite is satisfied.
    Of course, Rule 39(b) is not strictly applicable because it applies only when a party initially fails to demand a jury.  The point is that because the Court has power to grant a jury trial to a party who did not demand one at the outset, then *a fortiori* it can grant a jury trial to a party that *did* request one originally.  *See Maher v. Cont'l Cas. Co.*, 76 F.3d 535, 541 (4th Cir. 1996) (holding court was within discretion to order jury trial).

(same); *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 537 (W.D. Va. 2002) (granting Rule 39(b) request); *Branham v. Dolgencorp, Inc.*, No. CIV. 6:09-CV-00037, 2009 WL 2588493, at *2 (W.D. Va. Aug. 21, 2009) (same).

Third, considerations of fairness counsel in favor of a jury trial. Plaintiff demanded a jury in her complaint. Had Defendant timely defended the case, Plaintiff would have been entitled to one under the Constitution. As it is, Defendant's failure to defend has the effect of depriving Plaintiff of his jury right. Put differently, refusing to grant a discretionary trial would punish Plaintiff for obtaining a default and reward Defendant for it. This would be an unjust result and should be avoided.

Fourth, Plaintiff seeks actual damages in the form of emotional, mental, and physical distress. (Dkt. 56 (description of testimony of proposed witnesses); *see* dkt. 1, Prayer for Relief). These types of damages are particularly within the province of a jury. *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000); *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994); *Shepard v. Wapello Cty., Iowa*, 303 F. Supp. 2d 1004, 1021 (S.D. Iowa 2003); *Mills v. Penn Cent. Co.*, 329 F. Supp. 530, 533 (D.D.C. 1971)

Fifth, Defendant does not argue that it would suffer prejudice. (*See* dkt. 58 at 8–10). The Court finds none would result from empanelling a jury because the case was previously set for a jury trial. (Dkt. 52).

For the foregoing reasons, this case will remain set as a jury trial. An appropriate order will enter. The Clerk is directed to send a copy of this opinion to all counsel of record.

Entered this ___2nd___ day of December, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

7